IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 28, 2024

## JOHN SCHMEECKLE v. HAMILTON COUNTY TENNESSEE, ET AL.

Appeal from the Chancery Court for Hamilton County
No. 23-0403      Pamela A. Fleenor, Chancellor

_____

### No. E2024-00309-COA-T10B-CV
_____

This is the petitioner's second petition to recuse based on the same allegations. Therefore, we affirm the trial court's dismissal.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right; Judgment of the Chancery Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which CARMA DENNIS MCGEE and KRISTI M. DAVIS, JJ., joined.

John Schmeeckle, Chattanooga, Tennessee, pro se.

Sharon McMullan Milling, Chattanooga, Tennessee, for the appellees, Hamilton County Chancery Court, Greg Carson, Austin L. Garrett, and Ron Rice.

### OPINION

#### BACKGROUND

This is the second appeal of a recusal denial pursuant to Tenn. Sup. Ct. R. 10B in this case. In the first recusal appeal, John Schmeeckle sought recusal of the trial judge, Chancellor Fleenor, because she "refused to explain the reasons other judges recused from the case, refused to hear evidence of misconduct against an attorney involved in the case, and allegedly ruled erroneously in several respects." *Schmeeckle v. Hamilton Cnty.*, No. E2023-01533-COA-T10B-CV, 2023 WL 8093111 at *1 (Tenn. Ct. App. Nov. 20, 2023) ("*Schmeeckle I*"). The case was stayed. *Id.* at *4. The Court of Appeals affirmed the trial court's denial of Mr. Schmeeckle's motion to recuse the trial judge. *Id.* at *9. The Tennessee Supreme Court declined to consider the Court of Appeals's *Schmeeckle I* decision.

Nothing further happened in the case at the trial level until Mr. Schmeeckle filed a motion on January 31, 2024, requesting the judge to "take appropriate action" against Assistant County Attorney Sharon Milling. The second motion to recuse was filed a week later. This second recusal motion arose out of Ms. Milling's successful advocacy for a motion for judgment on the pleadings, and an associated motion to stay discovery, which resulted in a dismissal of Mr. Schmeeckle's case on September 20, 2023.[1] Subsequently, the case was reinstated when the defendants admitted that, as Mr. Schmeeckle asserted, their motion was "technically deficient."[2] In any event, Mr. Schmeeckle appealed the trial court's denial of the second motion to recuse.[3]

ANALYSIS

The Rule 10B standard of review is de novo. TENN. SUP. CT. R. 10B, § 2.01. This Court ordered an answer as authorized pursuant to Rule 10B, § 2.05. After examination of the petition for recusal and the answer, we have determined that additional briefing and/or oral argument are not required, and we choose to act summarily on the appeal in accordance with Rule 10B §§ 2.05 and 2.06.

Judicial impartiality is fundamental to our legal system. Mr. Schmeeckle filed his second motion for recusal against the trial judge because, as he explained in his petition, "if Ms. Milling's misconduct was unlawful, then Chancellor Fleenor's rulings in support of Ms. Milling and the Defendants would likewise be unlawful." Thus, the conduct justifying recusal occurred September 18, 2023, when the trial judge declined to hear evidence of Ms. Milling's alleged misconduct. The order denying the second recusal motion states, "The case was stayed while on appeal. Thus[,] there were no other rulings from this Court during the stay. Accordingly, therefore, this is res judicata on the recusal issue." Chancellor Fleenor further explained her ruling during the February 19, 2024 hearing:

And I stated in the order the case was stayed while on appeal. Thus, there were no other rulings from this court during the stay. I took no actions. So regardless of what you say in your motion, it can't be anything but what occurred in your prior motions -- because the court did nothing while you

_____

[1] Mr. Schmeeckle filed his first motion to recuse later that same day.

[2] This pleading is not in the record, but *Schmeeckle I* states that on November 6, 2023, the appellees, Hamilton County and the Hamilton County Sheriff and two employees, "agreed that their motion for judgment on the pleadings was deficient," and that, "the dismissal of the action should be set aside." *Schmeeckle I*, 2023 WL 8093111, at *4.

[3] Mr. Schmeeckle emphatically did not want the panel of judges who heard his first recusal motion to hear his second one. By the luck of the draw, he received the present panel comprised of three different judges. Therefore, no recusals were considered.

asked the Court of Appeals and the Supreme Court for recusal. No other actions were going on in this case. Therefore, ergo, it had to be the same items that you originally asked for in your motion to recuse. And I put that in my order. So that's your clarification -- which allows you to go forward today.

Mr. Schmeeckle denies that the second recusal motion is the same as the first. The second motion to recuse alleged that the chancellor was not impartial, citing Tenn. Sup. Ct. R. 10, Rule of Judicial Conduct, 2.11(A), which provides that "A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned.".

The *Schmeeckle I* opinion described the reasons Mr. Schmeeckle sought the first recusal of the trial judge as including she "refused to hear evidence of misconduct against an attorney involved in the case." *Schmeeckle I*, 2023 WL 8093111, at *1. In Mr. Schmeeckle's petition to the Supreme Court concerning the *Schmeeckle I* opinion, Mr. Schmeeckle referred to instances of "judicial misconduct," and referred the Court to his petition to rehear the trial court's denial of the motion to recuse. One of the points he raised in the petition to rehear states:

> Chancellor Fleenor writes in her Order denying recusal: "Plaintiff's second ground for recusal is that Chancellor Fleenor gave the appearance of bias as she refused to hear Plaintiff's presentation of misconduct by the Defendants' counsel, Assistant County Attorney Sharon Milling." This is incomplete, because Plaintiff stated that this refusal to hear gave "rise to the reasonable suspicion that the Chancellor was acting to protect the Assistant County Attorney, which gives the appearance of bias against Plaintiff in this case."

Impartiality and bias are opposite sides of the same coin. If one is impartial, one is not biased. If one is biased, one is not impartial.

In our opinion, both of Mr. Schmeeckle's motions to recuse Chancellor Fleenor raise the same allegations of bias or lack of impartiality arising out of the chancellor's ruling regarding Ms. Milling on September 18, 2023. Multiple motions based on the same allegations are prohibited by Tenn. Sup. Ct. R. 10B, § 1.01, which states that "Any subsequent motion under this section filed in the same case must state, with specificity, substantially different factual and legal grounds than those relied upon in support of a prior motion filed under this section." Therefore, the second motion to recuse is repetitive and improper.

Even if this Court viewed the allegations of the two petitions as different, another principle of Rule 10B counsels for dismissal of the second motion to recuse. "Any party

seeking disqualification, recusal, or a determination of constitutional or statutory incompetence of a judge of a court of record, or a judge acting as a court of record, shall do so by a written motion *filed promptly after a party learns or reasonably should have learned of the facts establishing the basis for recusal*." TENN. SUP. CT. R. 10B, §1.01 (emphasis added). "A delay in asserting the right to an impartial judge will result 'in a waiver of a party's right to question a judge's impartiality.'" *Harris v. Allen*, No. W2023-01794-COA-T10B-CV, 2024 WL 137453, *2 (Tenn. Ct. App. Jan. 11, 2024) (quoting *Kinard v. Kinard,* 986 S.W.2d 220, 228 (Tenn. Ct. App. 1998)). Even if we viewed the second petition as containing a different allegation, Mr. Schmeeckle waited too long to file the petition.

CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed against the appellant, John Schmeeckle, for which execution may issue if necessary.

/s/ Andy D. Bennett
ANDY D. BENNETT, JUDGE